## UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| **EMANUEL RIVERA FUENTES** | **CIV. NO.** |
| **Plaintiff** | |
| | |
| **v.** | **CLASS ACTION** |
| | |
| **ANDREW SAUL, COMMISSIONER OF THE UNITED STATES SOCIAL SECURITY ADMINISTRATION, in his official and personal capacity, NANCY A. BERRYHILL, in her official and personal capacity, UNITED STATES SOCIAL SECURITY ADMINISTRATION, JOHN DOE, in his official and personal capacity, JANE DOE, in her official and personal capacity, ET AL.** | **DECLARATORY JUDGMENT, INJUNCTION, DAMAGES** **JURY DEMAND** |
| | |
| **Defendants** | |

---

## <u>VERIFIED COMPLAINT</u>

**TO THE HONORABLE COURT:**

**PLAINTIFF**, **EMANUEL RIVERA FUENTES**, represented by his father, Abraham Rivera Berríos, pursuant to FRCP 17(c), on his own behalf and on behalf of all similarly situated aged, blind and disabled persons residing in Puerto Rico, through the undersigned legal representative, hereby appears, and for good cause, alleges and very respectfully requests:

### I. <u>INTRODUCTION</u>

*"Among American citizens, there should be*
*no forgotten men and no forgotten races."*
--Franklin D. Roosevelt

1. Eighty-five years ago, on August 14, 1935, United States Social Security Administration (SSA) was founded. SSA is one of President Franklin D. Roosevelt's most important legacies to U.S. citizens under the economic and social programs of the "New Deal".

2. In 1972, SSA was amended and the Supplemental Security Income (SSI) was created to substitute federal subsidies granted to the States and Territories on an annual basis, so that the

government could provide economic assistance directly to low-income individuals older than 65 years of age and individuals with disabilities. Section 301 of the Social Security Amendments of 1972, Pub. L. No. 92-603, purported to establish "a national program to provide supplemental security income to individuals who have attained age 65 or are blind or disabled." However, the program was made available only to residents of the fifty States, the District of Columbia and the Northern Mariana Islands. Section 303(b) of SSI provided that "the amendments made by section [ ] 301… shall not be applicable in the case of Puerto Rico, Guam, and the Virgin Islands." Accordingly, residents of Puerto Rico were expressly excluded from the SSI program.

3. On February 4, 2019, the Honorable Gustavo Gelpí, U.S. District Judge for the District of Puerto Rico, issued an Opinion and Order in the case U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019), declaring that the Social Security Act's exclusion of Puerto Rico from the SSI program under 42 U.S.C. §1382c(e) violates the Equal Protection guarantees of the Due Process Clause of the U.S. Constitution.

4. On April 10, 2020, the U.S. Circuit Court for the First Circuit, J. Torruella, affirmed the U.S. District Court Opinion, and declared that the exclusion of otherwise eligible Puerto Rico residents from SSI coverage is not rationally related to a legitimate government interest, and is therefore, invalid. United States v. Vaello Madero, 956 F.3d 12 (1st Cir. 2020).

## II. PARTIES

5. Plaintiff, Emanuel Rivera Fuentes ("Rivera Fuentes") is a U.S. citizen born on February 19, 1986 in Bayamón, Puerto Rico. Since birth, Rivera Fuentes suffers various conditions that render him completely disabled and unable to take care of himself. Rivera Fuentes resides with his parents in Toa Alta, Puerto Rico. Rivera Fuentes' parents have provided and taken care of his health and well-being throughout his life. His parents are Gladys

Fuentes Lozada and Abraham Rivera Berríos, who is also his representative payee for purposes of SSA. His father has capacity to sue on his behalf pursuant to FRCP 17 (c).

6. Defendant Andrew Saul is sued in his official and personal capacity as Commissioner of the U.S. Social Security Administration (SSA). Since assuming office on June 17, 2019, Saul oversees all Social Security Administration programs, including the implementation and supervision of SSI. Even after Honorable Gustavo Gelpí, U.S. District Judge for the District of Puerto Rico issued Opinion and Order in U.S. v. Vaello Madero, 356 F. Supp. 3d 208 (D.P.R. 2019) declaring that the exclusion of eligible citizens from SSI benefits on the basis of their Puerto Rico residence violated the Equal Protection Clause of the Fifth Amendment of the U.S. Constitution, Defendant Saul continued to enforce the unconstitutional provisions of SSI. Defendant Saul is liable for his unconstitutional actions and omissions, under color of law, to enforce unconstitutional provisions of the SSI. Commissioner Saul's official work address is U.S. Social Security Administration, Altmeyer Building 6401, Security Boulevard, Baltimore, Maryland 21235

7. Defendant Nancy A. Berryhill is sued in her official and personal capacity as Deputy Commissioner of the U.S. Social Security Administration. As Deputy Commissioner from February 4, 2019 to June 16, 2019, Berryhill oversaw all Social Security Administration programs, including the implementation and supervision of SSI. Even after the Honorable Gustavo Gelpí, U.S. District Judge for the District of Puerto Rico issued Opinion and Order in U.S. v. Vaello Madero, 356 F. Supp. 3d 208 (D.P.R. 2019) on February 4, 2019 declaring that the exclusion of eligible citizens from SSI benefits on the basis of their Puerto Rico residence violated the Equal Protection Clause of the Fifth Amendment of the U.S. Constitution, Defendant Berryhill continued to enforce the unconstitutional provisions of SSI. Defendant Berryhill is liable for her own unconstitutional actions and omissions, under color of law, to enforce unconstitutional provisions of the SSI. Deputy Commissioner Berryhill's official work

address is U.S. Social Security Administration, Altmeyer Building 6401, Security Boulevard, Baltimore, Maryland 21235.

8. Defendant the U.S. Social Security Administration (SSA) is a successor entity of the Social Security Board (SSB) created by President Roosevelt when he signed the Social Security Act on August 14, 1935. 42 U.S.C. §901. SSA is an independent federal agency that implements, operates, supervises, and administers the SSI program and allocates funds provided by the U.S. Treasury ("General Fund"). 42 U.S.C. §901. SSA's address is U.S. Social Security Administration, Altmeyer Building 6401, Security Boulevard, Baltimore, Maryland 21235. SSA operates various offices in Puerto Rico.

9. All individual defendants acting under color of law have continued to unconstitutionally denying SSI benefits to eligible disabled U.S. citizens in Puerto Rico even after U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019), thus discriminatorily and unconstitutionally depriving eligible U.S. citizens of SSI benefits.

10. Defendants John Doe, Jane Doe and other Defendants are entities or persons, whose identities are unknown at this time, who, under color of law, unconstitutionally deprived Plaintiff of SSI benefits. Plaintiff reserves the right to amend the Complaint to add more Defendants involved in the systematic unconstitutional conduct denying constitutional rights.

11. Defendants' unconstitutional conduct and willful and intentional disregard of the court order issued by the U.S. District Court for the District of Puerto Rico in U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019), affirmed by the U.S. Circuit Court for the First Circuit in United States v. Vaello Madero, 956 F.3d 12, (1st Cir. 2020) shocks the conscience.

### III. FACTS

12. Emanuel Rivera Fuentes ("Rivera Fuentes") is a U.S. citizen born on February 19, 1986 in Bayamón, Puerto Rico. Since birth, Rivera Fuentes suffers severe impairments from cerebral palsy, paralytic syndrome, hypothyroidism, hypothalamic dysfunction, among other

conditions, that confine him to live in his bed, and thus he cannot engage in any substantial gainful activity.

13. On or about May 6, 2019, Rivera Fuentes's father, Abraham Rivera Berríos ("Rivera Berríos") personally visited the SSA offices located in Los Palacios Shopping Mall, Barrio Ortiz, Toa Alta, Puerto Rico to file an application for SSI benefits on Rivera Fuentes's behalf.

14. That same day, Rivera Berríos also sought to apply for SSI benefits on behalf of his daughter, Brenda Rivera Fuentes ("Brenda"). Brenda was born on January 27, 1976, Arecibo, Puerto Rico. Since birth, Brenda suffered schizofrenia, scoliosis, severe intellectual disabilities, epileptic seizures, anemia, and other conditions that did not allow her to engage in gainful employment during her whole life.

15. At that time, Rivera Berríos was told by the employee at the SSA Office that there were no SSI benefits in Puerto Rico. Rivera Berríos insisted on applying on behalf of both of his children. The SSA employee took his information and told him he would put his name on a list to be referred to the SSA main U.S. Office (Philadelphia, Pennsylvania) and for him to expect a phone call. Rivera Berríos never received the promised call from SSA.

16. Rivera Berríos repeatedly called SSA's toll free number 1-800-772-1213 in order to receive an official response. Finally, Rivera Berríos was told a letter would be sent to him.

17. On May 11, 2019, the newspaper *El Nuevo Día* published an interview in which Rivera Berríos clearly stated his interest in obtaining SSI assistance for his son. Since learning about the <u>Vaello Madero</u> litigation, Rivera Berríos has been publicly outspoken about his concern about not receiving SSI assistance for the care of his son, Rivera Fuentes.

18. On May 19, 2019, Rivera Fuentes received a letter from SSA stating "On May 6, 2019, we talked with you about your elegibility for Supplemental Security Income (SSI). Based on that talk, we have made an informal decision that you are not eligible." The letter further states that the reason why Rivera Fuentes was not eligible was "You told us you do not want to

file a claim for SSI." The fact is that Rivera Berríos clearly stated his interest in applying on his son's behalf, as he had stated in the widely published newspaper interview.

19. Moreover, the SSA letter that arrived denied only Rivera Fuentes's application. The SSA did not acknowledge Rivera Berríos's request to also obtain SSI benefits for his daughter, Brenda.

20. On or about July 9, 2019, Rivera Berríos again called the SSA toll free number 1-800-772-1213, to claim against the denial of SSI benefits on Rivera Fuentes's behalf and reapply on Brenda's behalf. He demanded to know in writing the reasons why SSI benefits were being denied.

21. On that same date, SSA sent a letter stating "On July 9, 2019, we talked with you about your elegibility for Supplemental Security Income (SSI). Based on that talk, we have made an informal decision that you are not eligible." Further, the letter again cited as reason "why you are not eligible: "You told us you do not want to file a claim for SSI" and added "SSI BENEFIT (sic) ARE NOT PAYABLE IN PUERTO RICO." The letter further stated that "if we decide you are eligible, you lose his benefits if you file after September 23, 2019."

22. All of the above facts took place while U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019) was controlling and clearly established law.

23. Due to his disabling conditions, Rivera Fuentes is and has always been eligible for SSI. However, Rivera Fuentes has never received SSI.

24. On March 16, 2020, Plaintiff's disabled sister, Brenda passed away, not having ever received SSI assistance.

25. On May 28, 2020, the newspaper published an interview in which Rivera Berríos again expressed his interest in obtaining SSI assistance for his son and that same should be available to all people in Puerto Rico who need SSI support.

26. In June 2020, Rivera Berríos applied to be appointed Rivera Fuentes's representative payee.

27. On June 24, 2020, SSA sent a letter appointing Rivera Berríos as Rivera Fuentes's representative payee. In said letter, the SSA admits "We are writing to tell you [Rivera Fuentes] that *we have information that shows you need help managing your money and meeting your needs*." (Emphasis added). This statement constitutes an SSA admission that Rivera Fuentes is eligible to receive SSI, but for the Puerto Rico residence exclusion.

28. In July 13, 2020, Rivera Berríos sent a letter dated July 2, 2020 by certified mail again requested SSI benefits on Rivera Fuentes's behalf.

29. On July 29, 2020, SSA sent a letter stating "We sent you a letter telling you we were going to review your disability case. However, we do not need to review your case at this time. Therefore, we will not contact your doctor now. We will keep any information that you have given us. We will contact you later if we need to review your case." This SSA letter constitutes a constructive denial of SSI benefits. In addition, this SSA letter omits the required formal language providing due process for reconsideration or appeal of administrative decisions.

30. SSA did not evaluate the merits of Rivera Fuentes's application.

31. A Statement under Penalty of Perjury signed by Abraham Rivera Berríos is attached hereto. See Attachment 1.

32. In essence, SSA does not have a comprehensive procedural and substantive mechanism to avail Plaintiff of meaningful remedies against its decisions. SSA systematically denied Plaintiff's application and reconsideration solely on the basis of his residence. Given the SSA's systematic denial of Plaintiff's applications, any attempt by Plaintiff to avail himself of an administrative procedure is futile.

#### IV. GENERAL ALLEGATIONS COMMON TO ALL COUNTS

32. Plaintiff is representative of similarly situated aged, blind and disabled individuals in Puerto Rico who are eligible for SSI assistance.

33. Despite lack of class certification, the U.S. District Court for the District of Puerto Rico exercised its authority to provide territory-wide and "essentially class-wide" relief beyond plaintiffs in Peña Martínez v. U.S. Department of Health and Human Services, Findings of Fact, Rulings of Law and Order dated August 3, 2020, pp. 65-70.

34. At all times material hereto, Defendants operated various SSA offices and engaged in substantial activity in Puerto Rico, denied SSI benefits to eligible persons residing in Puerto Rico before and after the court order in U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019) affirmed in United States v. Vaello Madero, 956 F.3d 12, (1st Cir. 2020), Defendants' acts or omissions set out in this Complaint occurred in whole or in part in Puerto Rico.

35. The SSA admits it has continued systematically denying SSI to all applicants residing in Puerto Rico and averred that it will continue to do so regardless of the Court of Appeals decision in Vaello Madero. Peña Martínez v. U.S. Department of Health and Human Services, Findings of Fact, Rulings of Law and Order dated August 3, 2020, p. 68.

36. Letters sent out by SSA to applicants residing in Puerto Rico since Vaello Madero use language tailored to deny Plaintiff's constitutional rights and avoid enforcing clearly established law and the court order in U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019), affirmed in United States v. Vaello Madero, 956 F.3d 12, (1st Cir. 2020).

37. From February 4, 2019 to the date of tis filing, the SSA website states "You can now file for Supplemental Security Income (SSI) online **but only if** you meet certain requirements. You are eligible to file online for SSI **if** you: […] Are a U.S. citizen residing in one of the fifty states, District of Columbia, or the Northern Mariana Islands. […]" (Emphasis added). See https://www.ssa.gov/benefits/ssi/

38. From February 4, 2019 to the date of this filing, an eligible citizen residing in Puerto Rico who applies for SSA online could be exposed to fines and imprisonment. See https://secure.ssa.gov/iClaim/dib. That is, the SSA criminalizes U.S. citizens' residing in Puerto Rico for their attempt to apply for SSI benefits even after U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019), affirmed in United States v. Vaello Madero, 956 F.3d 12, (1st Cir. 2020).

39. In March 2014, the U.S. General Accountability Office issued a Report to Congressional Requesters entitled "Information on How Statehood Would Potentially Affect Selected Federal Programs and Revenue Sources" (GAO Report). The GAO Report concluded that, as of 2011, had SSI benefits been extended to Puerto Rico at that time 305,00 to 354,000 Puerto Rico residents would have qualified. According to the report, that would have represented $1.5 to $1.8 billion per year in SSI assistance to eligible Puerto Rico residents. http://www.gao.gov/products/GAO-14-31 (hereinafter GAO 2014 Report).

40. Based on a study published by Cornell University in 2018, as of 2016 there were 726,000 people with disabilities in Puerto Rico. www.disabilitystatistics.org/StatusReports/2016-PDF/2016-StatusReport_PR.pdf    Should 726,000 be the actual size of the Class, the amount of SSI assistance to eligible citizens residing in Puerto Rico would have been no less $3.6 billion per year (based on the GAO Report estimates), without taking into account inflation, cost of living or other adjustments.

41. As a direct consequence of Defendants' unconstitutional actions and omissions, Plaintiff and the members of the Class have suffered long-term and short-term damages.

42. The direct consequence of Defendants' exclusion of Plaintiff and the Class from SSI assistance created and continues to create difficulties for thousands of families and households in Puerto Rico.

43. It is foreseeable that as a result of Defendants' unconstitutional withholding of SSI assistance, the physical, emotional, mental health and general welfare of Plaintiff and the members of the Class is negatively impacted in the short-term and the long-term.

44. Defendants are liable to Plaintiff and members of the Class for special and general damages.

45. Plaintiff and members of the Class must be compensated by Defendants for long-term and short-term medical care, physical, emotional and mental therapies and treatments, medications, rehabilitation emergencies, medical bills, or inability to obtain such for lack of SSI assistance.

46. Plaintiff and members of the Class must be compensated by Defendants for damages such as, shortened life expectancy, emotional distress, pain and suffering, PTSD, long-term mental, emotional and physical pain and suffering, loss of consortium or companionship, undue hardships, inconvenience and loss of enjoyment of life, among others.

47. Defendants' unconstitutional actions and omissions defeat the mission of SSA.

## V. <u>CLASS ACTION ALLEGATIONS</u>

48. This action is brought by Plaintiff on his own behalf and on behalf of all others similarly situated, under the provisions of Rule 23 (a) and 23 (b)(3) of the Federal Rules of Civil Procedure:

49. The class is defined as follows:

"All persons who have resided or reside in Puerto Rico and were or are eligible under the SSI, but have been systematically prevented from applying under threat of fines or imprisonment or both, excluded from applying for and/or denied SSI benefits and/or denied administrative remedies by SSA, due to their status as residents of Puerto Rico."

50. Excluded from the class are: Defendant SSA, and any entity in which SSA has a controlling interest, and individual Defendants and their legal representatives, predecessors, successors, assigns and employees.

51. It is affirmatively asserted that the definition of the Class is unambiguous. Plaintiff is a member of the Class they seek to represent. Class members can be notified of the action through publication and direct mailings to address lists mainatined in the usual course of business by the SSA.

52. Class members are so numerous that their individual joinder is impracticable. The precise number of Class members is unknown to Plaintiff. As of fiscal year 2011, the GAO Report estimated 305,00 to 354,000 persons would be eligible for SSI in Puerto Rico. Based on information and reasonable belief,the Class may consist of as many as 726,000 eligible disabled persons. . Clearly, the number of Class members is excessive and makes joinder impossible.

53. Common questions of law and fact predominate over questions affecting only individual Class members. The common legal and factual question is the Defendants' continued enforcement of the unconstitutional exclusion from eligibility to apply for SSI on the basis of their residence in Puerto Rico.

54. SSA has historically engaged in a course of conduct that violates Plaintiff's rights arising under the Equal Protection component of the Due Process Clause of the Fifth Amendments of the U.S. Constitution and for which Plaintiff seeks redress. SSA's continued actions is in violation of the U.S. Constitution as clearly established by U.S. v. Vaello Madero, 356 F. Supp. 3d 208 (D.P.R. 2019), affirmed in United States v. Vaello Madero, 956 F.3d 12, (1st Cir. 2020).

55. Individual questions, if any, pale in comparison to the common question: being excluded from applying for SSI benefits solely on the basis of such aged, blind or disabled individuals' residence in Puerto Rico.

56. The SSA further precludes eligible individuals from applying online with the threat that an electronically submitted application is done "under penalty of perjury", thus criminalizing the aged, blind or disabled individual's effort to obtain SSI assistance.

57. The injuries sustained by the Class members flow from a common nucleus of operative facts and SSA's unconstitutional conduct.

58. The Class members have been damaged by Defendants' unconstitutional conduct.

59. Plaintiff's claim is typical of the claim of other Class members.

60. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is familiar with the basic facts that form the basis of the Class member's claims. Plaintiff's interests do not conflict with the interests of other Class members that he seeks to represent. Plaintiffs have engaged counsel competent and experienced in complex federal litigation and intend to prosecute this action vigorously.

61. The Class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class members.  The relief sought per individual member of the Class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of the SSA. Further, it would be virtually impossible for the Class members to seek redress on an individual basis. Even if the Class members themselves could afford such individual litigation, the court system could not.

## IV. JURISDICTION AND VENUE

62. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

63. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1).

64. Sovereign immunity is waived by virtue of 5 U.S. Code §702.

65. The matter in controversy exceeds the required amount, exclusive of interest and costs, and is a class action brought under this Honorable Court's jurisdiction pursuant to 28 U.S.C. §1332(d)(2). In the event that class status is not certified, then this matter is brought under 28 U.S.C. §1331 jurisdiction of this Honorable Court.

## V. STATEMENT OF CLAIM

### COUNT 1

**EXCLUSION OF PLAINTIFF FROM THE SOCIAL SECURITY INCOME (SSI) PROVISIONS OF TITLE XVI OF THE SOCIAL SECURITY ACT, 42 U.S.C. §§1381-1383(f), ON THE BASIS OF HIS PUERTO RICO RESIDENCE, VIOLATES THE EQUAL PROTECTION COMPONENT OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION.**

66. Plaintiffs hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

67. The court decision in U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019), affirmed in United States v. Vaello Madero, 956 F.3d 12, (1st Cir. 2020) is clearly controlling in this jurisdiction and clearly established federal law applicable to the facts of this case.

68. According to U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019), affirmed in United States v. Vaello Madero, 956 F.3d 12, (1st Cir. 2020), the exclusion of otherwise eligible Puerto Rico residents from SSI coverage is invalid.

69. Since Vaello Madero, SSA is enjoined from denying eligible Puerto Rico residents from applying to SSI benefits.

70. Defendants have acted in wanton disregard of Plaintiff's constitutional rights and explicit court orders.

71. All of the actions taken by Defendants, SSA or those acting on behalf of SSA have had the effect of systematically depriving Plaintiff and members of the Class of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

72. Plaintiff was unlawfully discriminated against solely on the basis of his residence in Puerto Rico.

73. Plaintiff is similarly situated in all relevant aspects to the SSI eligibility requirements for aged, blind and disabled, as other aged, blind and disabled individuals who receive SSI benefits in the fifty States, Washington D.C. and the Northern Mariana Islands.

74. All of Defendants' acts were intentional, malicious, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's and other members of the Class's constitutional rights.

75. Defendants' acts and omissions constituted a custom, practice, and policy of deliberate indifference to Plaintiff's constitutional rights secured by the    Equal Protection component of the Due Process Clause of the Fifth Amendmentof the U.S. Constitution.

76. By not allowing Plaintiff to apply for SSI solely because of his residence in Puerto Rico, Plaintiff was treated less favorably than individual in similar circumstances in the fifty States, Washington D.C. and the Northern Mariana Islands, in violation of 42 U.S.C. §2000d.

77. Defendants intentionally, willfully and without justification acted to deprive Plaintiff and the Class of their rights, privileges and immunities secured by the laws of the United States, including their right to be free from racial/ethnic discrimination in programs or activities receiving federal financial assistance.

78. Defendants' acts and omissions, in reckless disregard of a legal obligation to abide by controlling law clearly established by Vaello Madero, persists in their acts and omissions that violate the constitutional rights of Plaintiff and other members of the Class, causing them damages.

79. Because Defendants' unconstitutional conduct is continuing, there is no adequate remedy at law for Plaintiff's injuries.

80. As a result of the foregoing actions, Plaintiff and other members of the Class have been and continue to be irreparably harmed.

81. Until Defendants' conduct is enjoined, Plaintiff and other members of the Class will be subject to Defendants' further unconstitutional actions and omissions in violation of clearly established constitutional rights.

### COUNT 2

**DEFENDANTS' SYSTEMATIC DENIAL OF SSI BENEFITS DEPRIVED PLAINTIFF OF DUE PROCESS RIGHTS GUARANTEED BY THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION.**

82. Plaintiffs hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

83. The SSA's systematic denial of Plaintiffs' filing, re-filing, request for reconsideration or appeal, constitutes a violation of Plaintiff's constitutional procedural and substantive due process rights protected under the Fifth Amendment of the U.S. Constitution. The administrative procedure to apply for SSI benefits is *de facto* inoperative for citizens residing in Puerto Rico.

84. Defendants' deliberate denial of Plaintiffs' filing, re-filing, request for reconsideration or appeal of denial of SSI benefits, is arbitrary and capricious, and an illegal use of power with the sole intention of causing oppression and harrassment to the nation's most vulnerable citizens.

85. The individual Defendants' and SSA's deliberate and systematic denial of Plaintiff's filing, refiling, request for reconsideration or appeal of denial of SSI benefits, in disregard of Vaello Madero constitutes and abuse of official authority that shocks the conscience.

86. The individual Defendants' and SSA's deliberate and systematic denial of Plaintiff's filing, re-filing, request for reconsideration or appeal of denial of SSI benefits, shows deliberate intent to harm Plaintiff and the Class and to violate clearly established substantive and procedural due process rights secured by the Fifth Amendment of the U.S. Constitution.

87. Plaintiff and the Class have suffered and continue to suffer damages due to Defendants' unconstitutional actions and omissions, and conduct in reckless disregard of Plaintiff's and othe members of the Class's constitutional rights.

88. Because Defendants' unconstitutional conduct is continuing, there is no adequate remedy at law for Plaintiff's and other members of the Class's injuries.

**COUNT 3**

**DEFENDANTS ARE LIABLE FOR DAMAGES PURSUANT TO *BIVENS* FOR THE SYSTEMATIC VIOLATION OF EQUAL PROTECTION AND DUE PROCESS RIGHTS GUARANTEED TO PLAINTIFF AND OTHER MEMBERS OF THE CLASS UNDER THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION**

89. Plaintiff hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

90. Plaintiff's claims are presented pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and its progeny.

91. Defendants' systematic discriminatory exclusion of Plaintiff and the Class from SSI benefits does not serve important government objectives.

92. Defendants' systematic discriminatory exclusion of Plaintiff and the Class from SSI benefits is not substantially related to the objectives of SSI.

93. Defendants' systematic discriminatory exclusion of Plaintiff and the Class from SSI benefits does not serve the essential mission of the SSI program.

94. Plaintiff's cause of action can be implied directly under the Equal Protection and Due Process components of the Fifth Amendment of the U.S. Constitution in favor of those who seek to enforce this constitutional right.  Davis v. Passman, 442 U.S. 228 (1979).

95. The Fifth Amendment confers on Plaintiff and the Class the constitutional right to be free from illegal discrimination. Davis v. Passman, 442 U.S. 228 (1979).

96. Plaintiff has asserted facts that demonstrate he has no effective means other than the judiciary to vindicate these rights.

97. Plaintiff has asserted facts that demonstrate that there is no other process available to protect his constitutional rights.

98. Plaintiff's claims do not present a "new context"

99. Plaintiff is a civilian citizen of the United States of America.

100. Plaintiff's claims are similar to other constitutional injuries claimed in *Bivens* cases.

101. Plaintiff's claims are not asking for an "extension" of *Bivens*.

102. Defendants are high-ranking executive government officers.

103. Defendants are not a "new category of defendants"

104. Defendants do not have discretion to violate the U.S. Constitution.

105. Defendants do not have discretion to disobey court orders.

106. Defendants have enforced and continue to systematically enforce the unconstitutional exclusion from SSI benefits to an entire class of U.S. citizens with full knowledge that Vaello Madero is clearly established law and controlling in this jurisdiction.

107. Enforcing the unconstitutional exclusion from SSI benefits with full knowledge that Vaello Madero is clearly established law and controlling in this jurisdiction, Defendants are prevented from claiming qualified immunity.

108. Federal courts have authority to use traditional remedies to right constitutional wrongs.

109. Plaintiff's claims are not "a significantly different kind of constitutional harm"

110. Plaintiff did not suffer a "purely procedural harm".

111. Plaintiff is not asking for a "new kind" of litigation.

112. Plaintiff's claims do not present "special factors that counsel court hesitation."

113. *Bivens* remedy is proper to cure what would, without it, amount to a constitutional anomaly.

114. A prospective injunction does not provide redress for the harms Plaintiff and the Class have already suffered.

115. Congress does not provide a meaningful remedy for the constitutional harm cause to Plaintiff and the Class.

116. Congressional silence does not foreclose a judicial remedy.

117. There is no indication that Congress considered providing a cause of action and chose not to.

118. SSI does not provide Plaintiff and the Class access to an adequate remedial mechanism.

119. The extent of judicial guidance in this case is extremely limited because the constitutional right is clear and the unconstitutionality of the discriminatory exclusion is also clear.

120. There is no judicial intrusion into executive or legislative powers because the constitutional right is clear and the unconstitutionality of the discriminatory exclusion is also clear.

121. After Vaello Madero declared invalid the statutory exclusion of otherwise eligible individuals of SSI based on the Puerto Rico residency, there are no other statutory mandates under which Defendants could claim to act.

122. The application of Vaello Madero to SSI applications by Puerto Rico residents is not a discretional function by the individual defendants in the performance of their official duties. The application of the clearly established law is not optional or left up to Defendants' arbitrary whim.

123. There are no laws that provide Plaintiff and the Class alternative remedies or adequate damages.

124. Defendants are *de facto* not evaluating, investigating or reviewing Plaintiff's and the Class's applications for SSI on the merits, nor for purposes of reconsiderations or appeals. Therefore, the SSI administrative proceeding is *de facto* not available to Plaintiff and the Class.

125. Defendants have denied and continue to deny Plaintiff's applications, reconsiderations and appeals solely on the basis of the applicants' Puerto Rico residence, not based on the merits.

126. Defendants systematically fail to evaluate or adjudicate, applications, reconsiderations and appeals solely on the basis of the applicants' Puerto Rico residence, not on the basis of a full administrative record.

127. Defendants have not performed and continue to not perform an evaluation or review of applicants who reside in Puerto Rico as to SSI eligibility on the merits.

128. Because Defendants insist on enforcing unconstitutional provisions, they are also violating Plaintiff's due process rights because there is *de facto* no administrative procedure to exhaust for Plaintiff.

129. Because Defendants' unconstitutional conduct is continuing, there is no adequate remedy at law for Plaintiff's injuries.

130. Individual Defendants are federal employees who have personal liability under *Bivens*.

131. Defendants are federal employees who are not shielded from personal liability for constitutional violations.

132. Defendants are federal employees whose discretionary functions do not shield their unconstitutional acts or omissions in wanton disregard of court orders.

133. *Bivens* exceptions to shield Defendants from personal liability do not apply to Defendants' unconstitutional conduct in this case.

134. Schweiker v Chilicky, 487 U.S. 412 (1988) does not apply to the present case.

135. Defendants do not have discretion to violate clearly established constitutional rights, in disregard of U.S. Court orders.

136. SSI does not provide Plaintiff an adequate mechanism.

137. Congress does not provide a meaningful remedy to redress  harms caused to Plaintiff and the Class.

138. Defendants' continued enforcement of unconstitutionally discriminatory provisions is not essential for the conduct of public business.

139. Defendants are executive officers who cannot discharge duties with impunity when it is known to them to violate the U.S. Constitution or in a manner that is known to them transgresses clearly established constitutional rule.

140. Defendants' failure to follow court orders is not a mere mistake of judgment.

141. The absolute immunity defense is not available to Defendants.

142. The qualified immunity defense is not available to Defendants because they knew or should have known that  the controlling law was clearly established by U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019) since February 4, 2019.

143. In light of Vaello Madero, a reasonable person would know he or she is violating constitutional rights when enforcing provisions that have been declared invalid and unconstitutional by United States Courts. Therefore, Defendants cannot be shielded by qualified immunity.

144. Plaintiff's claims do not present facts pertaining to relations with foreign countries, national security (Ziglar v. Abassi, 582 U.S.___, 137 S.Ct. 1843 (2017), or border issues (Hernández v. Mesa,  589 U.S.___ (2020) which the Supreme Court has deferred to Congress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members request that the Court enter an order or judgment against Defendants, including the following:

A. A declaration that SSA and individual Defendants, in their official and personal capacities, discriminated against Plaintiffs in violation of their constitutional rights guaranteed under the Equal Protection component of the Due Process Clause of the Fifth Amendment;

B. A declaration that Defendants were and are enjoined from enforcing discriminatory provisions of SSI since February 4, 2019, in light of clearly established, controlling law, as per U.S. v. Vaello Madero,  356 F. Supp. 3d 208 (D.P.R. 2019);

C. A declaration that, by systematically denying Plaintiff's applications and reconsiderations solely on the basis of his residence in Puerto Rico, without performing evaluations or reviews on the merits, the SSA and individual Defendants unconstitutionally deprived Plaintiff and the members of the Class of a procedural and substantive mechanism to process their SSI applications and review reconsiderations;

D. A declaration that Plaintiff and members of the Class are entitled to SSI assistance as of February 4, 2019;

E. A declaration that SSA owes Plaintiff backpay, retroactive to the period covering from Plaintiff's application on May 6, 2019, on the basis of $783 per month, a total that exceeds $12,528.00 as of the date of this filing, plus any amounts that have continued accruing,

F. Certification of the action as a Class Action pursuant to Rule 23 (b)(2) of the Federal Rules of Civil Procedure with respect to Plaintiff's claims for injunctive relief, and Rule 23 (b)(3) of the Federal Rules of Civil Procedure with respect to the

claims for damages, and appointment of Plaintiff as Class Representative and his counsel of record as Class Counsel;

G.  A declaration that SSA has a duty to prospectively provide Plaintiff and members of the Class assistance in the amount of $783 per month;

H.  A declaration that, subject to certain proofs regarding otherwise eligible Class members (other than residency in Puerto Rico) in the course of these proceedings, Plaintiff and members of the Class are entitled to compensatory damages for harms and undue hardships in the amount of up to $7.2 billion, and backpay in the amount of $7.2 billion worth of assistance that Plaintiff and members of the Class were otherwise eligible for, but for Defendants' systematic enforcement of the unconstitutional Puerto Rico residence exclusion from SSI;

I.  Punitive damages under *Bivens* due to continued enforcement of the unconstitutional exclusionary provision in wanton disregard of court orders;

J.  Award reasonable attorney's fees;

K.  Pre-judgment and post-judgment interest on such monetary relief;

L.  The costs of bringing this suit, including reasonable attorney's fees, pursuant to the limitations of 42 U.S.C. §406;

M.  All other additional or different damages or equitable relief as the Court may deem just and proper to which Plaintiff may be may be entitled at law or in equity.

**RESPECTFULLY SUBMITTED.**

DATED: August 26, 2020.

By: /s/ Isabel Abislaimán-Quílez
**Isabel Abislaimán-Quílez, Esq.**
USDCPR No. 208914
P.O. Box 9023303
San Juan, Puerto Rico 00902-3303
Tel. (787) 525-6242
E-mail: abislaiman@yahoo.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.


DATED: August 26, 2020.


By: /s/ Isabel Abislaimán-Quílez
**Isabel Abislaimán-Quílez, Esq.**
USDCPR No. 208914
P.O. Box 9023303
San Juan, Puerto Rico 00902-3303
Tel. (787) 525-6242
E-mail: abislaiman@yahoo.com